**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

---

**SHERRONA TAYLOR,**

**Plaintiff,**

**v.** **Case No. 1:24-cv-1008-STA-jay**

**SIMON & SHUSTER, INC., and
SIMON & SHUSTER, LLC, and
PARAMOUNT GLOBAL,**

**Defendants.**

---

# ORDER DENYING APPEAL OF MAGISTRATE JUDGE'S DECISION, OVERRULING OBJECTIONS, AND AFFIRMING DECISION

---

Defendant Paramount Global has appealed a portion of the Magistrate Judge's Order (ECF No. 139) Granting in Part and Denying in Part Plaintiff's Motion to Compel Supplementation. (ECF No. 144.) The appeal is filed pursuant to Federal Rule of Civil Procedure 72 and Local Rule 72.1(g) and, according to Defendant, is limited to the portions of the order it contends "compel discovery responses disproportionate to the needs of this case, irrelevant at this advanced stage of litigation, and unduly burdensome under Federal Rule of Civil Procedure 26(b)(1)." (*Id.* at p. 1.) Defendant does not object to the portion of the order requiring verified interrogatory responses signed by its officer or agent and supplementing its discovery responses with a privilege log complying with Federal Rule of Civil Procedure 26(b)(5). (*Id.* at p. 2.) Defendant also agrees to supplement its responses to Interrogatory Nos. 8, 11, 12, and 16, and will respond to Requests for Production Nos. 21, 44, 47, 51, and 55 to the extent the information requested is available to Defendant. (*Id.*)

Defendant asserts that certain other findings of the Magistrate Judge were clearly erroneous and contrary to law. Plaintiff has filed a response to Defendant's appeal. (ECF No. 149.) Defendant was granted permission to file a reply to the response. (ECF No. 154.) The matter has now been fully briefed, and, for the reasons set forth below, the Court **AFFIRMS** the decision of the Magistrate Judge.

This Court's review of a magistrate judge's resolution of a nondispositive pretrial matter is limited to determining whether the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72(g); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir.1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review."). Findings of fact are reviewed under the "clearly erroneous" standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). "'A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Under this standard, the Court will not reverse a finding of fact merely because it would have decided the case differently. *Easley v. Cromartie*, 532 U.S. 234, 242 (2001). The "question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). Thus, as long as a magistrate judge has made a nondispositive pretrial determination that is not "clearly erroneous," the district

court should adopt the magistrate judge's ruling. "An order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citation omitted). This standard recognizes the discretion of the magistrate judge while acknowledging that such discretion is not without limits.

Plaintiff rightly points out that Defendant has waived any arguments in its appeal that were not raised in its opposition to the motion to compel. *See Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) ("[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). Plaintiff contends that Defendant has presented the following arguments for the first time in its appeal: (1) supplementation is "irrelevant" at this stage of the litigation; (2) Paramount's response to Interrogatory No. 5 and Request for Production No. 15 should be "limit[ed] to . . . a search of Paramount's EthicsPoint system for complaints of race discrimination arising from the Jackson facility during the one year preceding the sale of Simon & Schuster"; (3) production of emails in native format is not proportional to the needs of the case; and (4) Plaintiff's counsel is not entitled to an award of fees.

Defendant disagrees and suggests that these four arguments were made implicitly. For example, Defendant argues that it did, in fact, oppose Plaintiff's request for fees by pointing out that Plaintiff's motion was "premature, filed without good-faith conferral, and largely moot, and by requesting its own fees." (Reply, ECF No. 154 at PageID 2562.) The Court is not convinced that these arguments were made clearly and specifically enough for the Magistrate Judge to have an opportunity to address. Thus, Defendant's objections fail to state viable grounds to challenge the Magistrate Judge's conclusions or otherwise provide a basis to reject or modify the Report

and Recommendation. However, in the interest of a complete record, the Court will examine the objections.

The Court agrees that the Magistrate Judge correctly identified many of Defendant's responses as boilerplate. The Magistrate Judge did not make a "blanket" assessment that the responses were boilerplate, as argued by Defendant. Instead, he referred only to Defendant's responses to Interrogatory Nos. 5, 6, 8, 10, RFP No. 15, 16, 21, and 51 as boilerplate.[1] Defendant objected to these particular requests as being overbroad, unlimited in geographic scope, unduly burdensome, irrelevant, and not proportional to the needs of the case. The Magistrate Judge found that "[a]s to Paramount's remaining arguments . . . [its] responses are boilerplate objections [referring to the response to Interrogatory No. 5 and RFP No. 15]" and that "most of Paramount's objections should be disregarded as boilerplate [referring to the response to Interrogatory No. 6 and RFP No. 16]." (Mag. J. Ord., ECF No. 139 at PageID# 2368-69.) Defendant has not shown that the assessment by the Magistrate Judge of these particular objections was either clearly erroneous or contrary to law. *See*, *e.g.*, *Harris v. Midtown Ctr. for Health & Rehab.*, 2023 WL 1415620, at *4 (W.D. Tenn. Jan. 31, 2023) ("Without detail, these objections are not adequate.")

Defendant points out that Plaintiff responded to its motion for summary judgment "without filing a Rule 56(d) affidavit, and without otherwise representing to the Court that she lacked documents essential to her opposition. Instead, Plaintiff simply responded on the merits." (Obj., ECF No. 144 at PageID 2493-944.) Plaintiff has countered that the purpose of summary judgment is "not to determine the truth of the matter but to determine whether there is a genuine issue for trial." *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 560 (6th Cir. 2004).

[1] The Magistrate Judge did not describe Defendant's responses to Interrogatory Nos. 15, 16 and Requests for Production Nos. 9-13, 19-20, 16, and 48-49 as "boilerplate."

Accordingly, certain discovery may not be needed to defeat a motion for summary judgment while being necessary to prove a plaintiff's case at trial. The Court agrees with this premise and, therefore, overrules this particular objection.

Furthermore, there is no doubt that the discovery sought is relevant to one of the main issues in this case – if not the main issue – *i.e.*, whether Defendant is responsible for the alleged discrimination against Plaintiff because it was an integrated enterprise with Simon & Schuster. If Plaintiff cannot prove her assertion that Defendant and Simon & Schuster were an integrated enterprise, then she cannot prevail on her claim against Defendant. The Magistrate Judge determined that many of the discovery requests at issue in Plaintiff's motion to compel relate to Plaintiff's theory that Defendant and Simon & Schuster were an integrated enterprise. Because this is a threshold issue that would bar Defendant's liability, discovery on the integrated enterprise factors is highly relevant.

As for proportionality, when the party seeking discovery demonstrates relevance, the defendant must show, not merely assert, why the requested discovery is not proportional to the needs of the case. *See Walls v. Sterling Jewelers, Inc.*, 2020 WL 7327326, at *2 (W.D. Tenn. Dec. 11, 2020). "'On a motion to compel discovery, the moving party bears the burden of demonstrating relevance.' If the movant makes such a showing, the burden then 'shifts to the non-movant to show that to produce the information would be unduly burdensome.'" *James v. Cuyahoga Cty.*, 648 F. Supp. 3d 897, 903 (N.D. Ohio 2022). In this case, the record does not support Defendant's assertion that the Magistrate Judge did not conduct the proper proportionality analysis under Rule 26(b)(1).

The Magistrate Judge correctly noted that the party opposing discovery must "show, with specificity, why the requested discovery is not proportional to the needs of the case," as

substantiated by "affidavits or [] evidence revealing the nature of the burden." (Mag. J. Ord., ECF No. 139 at PageID# 2360-61.) He then found that Defendant failed to satisfy its burden to show the requests were not proportional to the needs of the case.

Defendant appears to argue that the Magistrate Judge rejected its proportionality argument "for want of an affidavit." Defendant's argument is a bit simplistic. One way that a party can meet its burden to demonstrate a lack of proportionality is by submitting an affidavit establishing the cost and amount of labor that would be required to comply with the discovery response. *See*, *e.g.*, *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305-06 (6th Cir. 2007) (affirming district court's entry of a protective order when the defendant "made a clear showing that compliance would prove unduly burdensome" by submitting evidence showing that responding to a discovery request would require "retrieval of physical files from an off-site storage facility" and "review of 6,542 files," which would take "2,181 hours of manpower" at an ultimate cost of "$44,283.33"); *see also State Farm Mut. Auto. Ins. Co.*, 364 F. Supp. 3d 758, 766 (E.D. Mich. 2018) (reiterating that it is "well settled law that, '[i]f an objection is interposed based on an alleged undue burden, the objecting party must make a specific showing, usually . . . by affidavit, of why the demand is unreasonably burdensome'") (internal citations omitted). An affidavit is not the only way for the non-movant to support his claim of undue burden. *See State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*, 2013 WL 10936871, at *14 (E.D. Mich. Nov. 26, 2013) (stating that, when the non-movant "has not supported his claim of burden by affidavit **or otherwise**, his bare assertion is insufficient to permit refusal to comply with the subpoena in its entirety.") (emphasis added)).

In the present case, Defendant did not meet his burden as to its proportionality argument by producing an affidavit or any other evidence. *See Powell v. Tosh*, 2011 WL 13210026, at *3

(W.D. Ky. Aug. 2, 2011) ("The Tosh Defendants correctly point out that the Plaintiffs fail to offer specific facts to support their general protests of embarrassment, oppression, undue burden or expense. No affidavit or other evidence accompanies their motion.")

Regarding Interrogatory No. 15 and Requests for Production Nos. 9-13 and 19-20, which seek information related to Plaintiff's integrated enterprise theory, Defendant points out that the Magistrate Judge observed that "Plaintiff's requested discovery may produce a crushing number of documents and data to process." (Mag. J. Ord., ECF No. 139 at PageID# 2373.) Defendant has not quoted the full statement of the Magistrate Judge. After correctly stating that courts in the Sixth Circuit apply the test set out in *Armbruster v. Quinn*, 711 F.2d 1332 (6th Cir. 1983), to determine whether two entities will be treated as a single employer, the Magistrate Judge found that:

> Although it seems to the Court that Plaintiff's requested discovery may produce a crushing number of documents and data to process, each one of her discovery requests corresponds to one of the Sixth Circuit's *Ambruster* factors. Plaintiff has sufficiently demonstrated that this information is necessary to establish whether Paramount and Simon & Schuster operated as a single employer. Therefore, Paramount must supplement its discovery responses to the above requests.

(*Id.*) Defendant has failed to show that the finding was either clearly erroneous or contrary to law.

Moreover, as noted by Plaintiff, the Magistrate Judge's use of the word "may" is instructive in that he could only speculate as to the number of documents that might be responsive because Defendant failed to provide that information. Unlike the defendant in *Surles* — who told the court the number of documents it would be required to review, the number of hours it would take to review them, and the cost of the review — Defendant provided none of this information. In *Surles*,

> Defendant made a clear showing that compliance would prove unduly burdensome. The record reflects that the search for responsive documents covering the period of October 3, 1997 to October 3, 2001 — which Defendant produced — took "approximately two weeks and involved over 180 hours of labor." The record further reflects that production of the documents Plaintiff requested would entail significant added cost and labor, including individual review of potentially responsive documents and retrieval of physical files from an off-site storage facility. Permitting discovery of incidents dating back to 1993 would have required review of 6,542 files. Defendant estimated such review would require 2,181 hours of manpower and would cost $44,238.33. An estimated 10,000 physical files "representing all forms of incidents, unusual occurrences, or reportable events occurring on Greyhound buses from 1986 to 1993" would have required manual review for responsiveness had the district court permitted discovery up to fifteen years predating the incident. Finally, Defendant would have been required to individually review 1,585 "unknown" files. Defendant estimated that a search encompassing fifteen years would cost $141,000.00.

*Surles*, 474 F.3d at 306 (record citations omitted). Here, Defendant did not back up its arguments with actual evidence. Defendant cannot fault the Magistrate Judge for failing to consider information it did not provide.

With respect to Interrogatory No. 6 and Request for Production No. 16, which seek information related to other complaints about Dave Snow and Chip Giacchetto, after considering Defendant's objections, the Magistrate Judge found that the burden of responding was "not sufficiently great to warrant denying the motion." This is a proper application of Rule 26(b) - specifically, whether "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Defendant claims that the Magistrate Judge's finding that it "should be 'relatively easy' to search EthicsPoint, Defendant's digital intake system that receives communications and reports of discrimination claims, for complaints about and investigations into Giacchetto and Snow" is based on "uninformed speculation." However, Defendant's 30(b)(6) designee testified she looked in EthicsPoint before her deposition to "find the complaint related to Ms. Taylor" and that the platform can be searched for complaints "by name or file number." (Dep. J. Baker ECF

No. 149-1 at PageID 2542-43). In its reply, Defendant argues that this one statement is not evidence that EthicsPoint can be searched by the subject of a complaint, by facility, by date range, or by type of allegation, or that it captures complaints made "in any form" outside the platform. However, it is not clearly erroneous to determine that, if a defense representative was able to search EthicsPoint for complaints about Plaintiff, it should also be able to search for complaints about Snow and Giacchetto.

As for Plaintiff's requests regarding the integrated enterprise factors, Defendant contends that the requests are "patently disproportionate" because (1) it "is a media and entertainment conglomerate established through several mergers, owns numerous properties, and employs thousands of people"; (2) KKR acquired Simon & Schuster in 2023; and (3) "[a]s one can imagine, these large-scale deals generate a ton of paperwork, documents, and agreements." However, the requests seek information about Defendant and its relationship with Simon & Schuster — not Defendant's other mergers, properties, employees, or the sale of Simon & Schuster to KKR.

As it relates to Interrogatory No. 5 and RFP No. 15, which seek information about other complaints of race discrimination at the Jackson facility, the Magistrate Judge gave Defendant the limitation it asks for (ordering supplementation "limited temporally to one year and geographically to the Jackson, Tennessee, facility"). Defendant was responsible for investigating complaints of race discrimination at the Jackson facility and maintained records for those investigations. Moreover, the Jackson facility was only open for about a year before Defendant sold Simon & Schuster to KKR; therefore, Defendant would only need to search through a year's worth of records to find any responsive information. This information is relevant in that "other acts" evidence can be admissible to show a discriminatory or retaliatory atmosphere. *See Scales*

*v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir. 1991) (stating that "information concerning an employer's general employment practices is relevant even to a Title VII individual disparate treatment claim" - a pretext plaintiff "should not normally be denied the information necessary to establish that claim").

Interrogatory No. 6 and Request for Production Nos. 16, 48, and 49 seek information about other complaints about and investigations into Snow and Giacchetto. Whether the same decisionmaker was involved "is a factor" in admitting "other acts" evidence of discrimination. *See Griffin v. Finkbeiner*, 689 F.3d 584, 598-99 (6th Cir. 2012).

The Magistrate Judge ordered Defendant to produce documents in native format. Defendant has failed to show any error in this ruling. "Rule 34 specifically permits a Court to compel production of ESI in a particular format, and district courts in the Sixth Circuit have not hesitated to do so." *Equal Emp. Opportunity Comm'n v. GEM Mgmt., LLC*, 2026 WL 1363162, at *7 (E.D. Ky. May 15, 2026).

Finally, as for the fee award, Defendant waived its arguments because it never raised those arguments in the original briefing as discussed above.

Given the discretion of a judge in deciding discovery matters and the well-supported nature of the Magistrate Judge's decision, the Court is not persuaded that the Magistrate Judge's decision was either clearly erroneous or contrary to law and, therefore, **OVERRULES** the objections and **AFFIRMS** the decision of the Magistrate Judge.

Plaintiff will have fourteen (14) days from the entry of this order in which to submit a supplemental fee petition for the time spent responding to Defendant's objections.[2]

IT IS SO ORDERED.

**s/ S. Thomas Anderson**
S. Thomas Anderson
United States District Judge

Date: October 29, 2026.

[2] The amount of the attorney fee award is before the Magistrate Judge.